IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA S., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 19 cv 6390 |
| v. ) | |
| ) | Magistrate Judge Jeffrey I. Cummings |
| KILOLO KIJAKAZI, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

Sheila S. ("Claimant") brings a motion to reverse or remand the final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for Disability Insurance Benefits ("DIBs") and Supplemental Security Income ("SSI"). (Dckt. #21). The Commissioner brings a motion for summary judgment seeking to uphold its decision to deny benefits. (Dckt. #27). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. §636(c) and this Court has jurisdiction pursuant to 42 U.S.C. §§405(g) and 1383(c)(3). For the reasons stated below, Claimant's motion to reverse or remand is granted, and the Commissioner's motion for summary judgment is denied.

**I.    BACKGROUND**

    **A.    Procedural History**

On December 10, 2015, and January 8, 2016, respectively, Claimant filed for DIBs and SSI, alleging disability beginning December 15, 2014. (Administrative Record ("R.") 16, 272,

---

[1] In accordance with Internal Operating Procedure 22 - Privacy in Social Security Opinions, the Court refers to plaintiff only by her first name and the first initial of her last name. Acting Commissioner of Social Security Kilolo Kijakazi has also been substituted as the named defendant. Fed.R.Civ.P. 25(d).

276). Claimant's application was denied initially and upon reconsideration. (R. 16). Claimant filed a timely request for a hearing, which was held on January 26, 2018, before Administrative Law Judge ("ALJ") Patricia Kendall. (R. 16, 38, 207-08). On September 6, 2018, the ALJ issued a written decision denying Claimant's application for benefits. (R. 16-30). Claimant filed a timely request for review with the Appeals Council. On July 24, 2019, the Appeals Council denied Claimant's request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (R. 1-3). This action followed.

      B.      **The Social Security Administration Standard**

In order to qualify for disability benefits, a claimant must demonstrate that she is disabled. An individual does so by showing that she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). Gainful activity is defined as "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. §404.1572(b).

The Social Security Administration ("SSA") applies a five-step analysis to disability claims. 20 C.F.R. §404.1520. The SSA first considers whether the claimant has engaged in substantial gainful activity during the claimed period of disability. 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ determines whether a claimant has one or more medically determinable physical or mental impairments. 20 C.F.R. §404.1521. An impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." *Id.* In other words, a physical or mental impairment "must be established by objective medical evidence from an acceptable medical source." *Id.*; *Shirley R. v. Saul*, 1:18-cv-00429-JVB, 2019 WL 5418118, at *2 (N.D.Ind.

Oct. 22, 2019). If a claimant establishes that she has one or more physical or mental impairments, the ALJ then determines whether the impairment(s) standing alone, or in combination, are severe and meet the twelve-month duration requirement noted above. 20 C.F.R. §404.1520(a)(4)(ii).

At step three, the SSA compares the impairment or combination of impairments found at step two to a list of impairments identified in the regulations ("the listings"). The specific criteria that must be met to satisfy a listing are described in Appendix 1 of the regulations. 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairments meet or "medically equal" a listing, she is considered to be disabled, and the analysis concludes. If the listing is not met, the analysis proceeds to step four. 20 C.F.R. §404.1520(a)(4)(iii).

Before addressing the fourth step, the SSA must assess a claimant's residual functional capacity ("RFC"), which defines her exertional and non-exertional capacity to work despite the limitations imposed by her impairments. The SSA then determines at step four whether the claimant is able to engage in any of her past relevant work. 20 C.F.R. §404.1520(a)(4)(iv). If the claimant can do so, she is not disabled. *Id*. If the claimant cannot undertake her past work, the SSA proceeds to step five to determine whether a substantial number of jobs exist that the claimant can perform in light of her RFC, age, education, and work experience. An individual is not disabled if she can do work that is available under this standard. 20 C.F.R. §404.1520(a)(4)(v).

      C.      **The Administrative Law Judge's Decision**

The ALJ applied the five-step inquiry required by the Act in reaching her decision to deny Claimant's request for benefits. At step one, the ALJ found that there was a continuous twelve-month period during Claimant's claimed period of eligibility during which Claimant had

not engaged in substantial gainful activity. (R. 19). Next, at step two, the ALJ determined that Claimant suffered from the severe impairments of: (1) degenerative joint disease of the left knee, status post partial left knee replacement; (2) interstitial cystitis, status post mesh placement with complication and urethra repair; (3) overactive bladder syndrome and recurrent urinary tract infections; and (4) mild carpal tunnel syndrome. (*Id.*). The ALJ considered Claimant's mild or Level I obesity, status post lap band procedure, and status post laparoscopic cholecystectomy but found these impairments to be non-severe. (R. 19-20). At step three, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled one of the Commissioner's listed impairments, including listings 1.00 (musculoskeletal system), 1.02 (major dysfunction of a joint), 1.04 (disorders of the spine), 11.04 (vascular insult to the brain), 14.09 (inflammatory arthritis), and SSR 12-2p (fibromyalgia). (R. 20); *see* 20 C.F.R. Part 404, Subpart P, App. 1.

      The ALJ went on to assess Claimant's RFC, ultimately concluding that she had the RFC to perform sedentary work as defined in 20 C.F.R. §404.1567(a) and 416.967(a), except Claimant can never climb ladders/ropes/scaffolds; she can occasionally climb ramps/stairs, cannot kneel or crawl, and should avoid all exposure to unprotected heights or dangerous moving machinery; she can frequently handle and finger bilaterally; and needs ten to fifteen minute breaks every two hours. (R. 20-21). At step four, the ALJ determined that Claimant was unable to perform her past relevant work as a hospital admitting clerk and administrative clerk as actually or generally performed. (R. 29). At step five, the ALJ determined that there are jobs that exist in significant number in the national economy that the Claimant can perform. (*Id.*). Therefore, the ALJ found that Claimant was not under a disability from December 15, 2014, through the date of the decision. (R. 30).

**D.    Claimant's Arguments for Remand**

Claimant urges this Court to reverse and remand the ALJ's decision to deny her an award of benefits based on her arguments that: (1) the ALJ erred when she refused to reopen the prior decision to terminate Claimant's disability benefits; (2) the ALJ did not identify Claimant's medically determinable impairments of fibromyalgia and rheumatoid arthritis at step two, and failed to accommodate all of Claimant's limitations in the RFC assessment; and (3) the ALJ improperly rejected the opinions of two longtime treating physicians. The Court agrees that the ALJ's decision failed to mention Claimant's medically determinable impairment of rheumatoid arthritis and to consider that impairment when determining Claimant's RFC. Because this is an error that requires remand, the Court need not address Claimant's remaining arguments. *See, e.g., DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019).

**E.    The Record Evidence Pertaining to Claimant's Rheumatoid Arthritis**

The administrative record contains the following evidence pertaining to Claimant's rheumatoid arthritis.

On July 6, 2016, Claimant saw rheumatologist Robert Hozman, M.D., for a rheumatology consult with generalized joint and muscles complaints. (R. 1321). Dr. Hozman noted Claimant's medical history, including fibromyalgia, and her physical examination revealed decreased hand grip, decreased range of motion in shoulders, and multiple tender points in neck, upper and lower back, and knees. (*Id.*). Dr. Hozman diagnosed Claimant with rheumatoid arthritis [2] ("RA") of multiple sites without rheumatoid factor, among other conditions (including fibromyalgia, pure hypercholesterolemia, and hypothyroidism). (R. 1322).

---

[2] RA is an autoimmune and inflammatory disease, whereby an afflicted person's immune system attacks healthy cells in their body by mistake, causing inflammation (painful swelling) in the affected parts of the body (most commonly, the joints in the hands, wrists, and knees). *See* Centers for Disease Control and Prevention, https://www.cdc.gov/arthritis/basics/rheumatoid-arthritis.html (last visited May 31, 2022).

On February 15, 2017, Claimant presented to Dr. Hozman with complaints of generalized pain and numbness and tingling of her hands and feet, as well as cold hands and feet, increased fatigue and difficulty sleeping, and left knee pain with intermittent swelling. (R. 1329). Claimant's physical examination revealed multiple paired trigger points in her back and spinal tenderness, minimal left leg swelling, and minimal leg edema. (R. 1330). Dr. Hozman confirmed Claimant's RA diagnosis with relevant tests, started her on Medrol and Trazadone, and refilled her prescriptions of Duloxetine and Gabapentin to address the symptoms caused by her RA. (*Id.*). At her follow-up appointments with Dr. Hozman, Claimant presented with pain in her legs, arms, hands, elbows, knee joints, and shoulders (worsening toward the evening), fatigue, and lack of sleep due to the pain. (R. 1336, 1338). Between the fall of 2016 and December 2017, Dr. Hozman reaffirmed Claimant's RA diagnosis on a number of occasions, continued her course of treatment, and recommended that she receive physical therapy and consider a pain clinic. (R. 1320, 1322, 1330, 1337, 1338-39, 1345, 1347).

Claimant attended physical therapy sessions as recommended and her treating therapists charted her RA diagnosis and documented her pain levels and symptoms. (R. 1426-33). Finally, Claimant repeatedly referenced her RA diagnosis and the impact that it – along with other conditions – had on her ability to function during her testimony at the January 26, 2018 hearing. (R. 56, 57, 67, 83). Despite this evidence, the ALJ did not mention Claimant's RA diagnosis in her decision.

---

As the Seventh Circuit has recognized, RA "is a chronic condition, permanent in nature" and the impairments that result from RA "cover a wide range and vary from individual to individual." *Moore v. J.B. Hunt Transp., Inc.,* 221 F.3d 944, 948 (7th Cir. 2000); *see also Salazar v. Astrue,* 859 F.Supp.2d 1202, 1227 (D.Or. 2012) ("Rheumatoid arthritis is a chronic disease meaning it can't be cured, and some people have intermittent symptoms or 'flares,' while others have ongoing symptoms that worsen over time.") (internal quotation marks omitted); *Hayden v. Colvin,* No. CV-14-02358-TUC-BPV, 2016 WL 1165638, at *10 (D.Ariz. Mar. 25, 2016) (same).

### III. STANDARD OF REVIEW

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. Judicial review of an ALJ's decision is governed by 42 U.S.C. §405(g), which provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence is not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021), *quoting Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal quotation marks omitted). Nonetheless, the Commissioner's decision must also be based on the proper legal criteria and free from legal error. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

### IV. The ALJ's failure to consider Claimant's medically determinable impairment of rheumatoid arthritis requires remand.

Claimant asserts that the ALJ erred by failing to include RA in the list of Claimant's impairments (whether severe or non-severe) and that the ALJ further erred by failing to account for limitations arising out of Claimant's RA when formulating her RFC. The Commissioner – who addresses Claimant's RA in a footnote – does not dispute that the ALJ failed to address Claimant's RA in any portion of her decision. (Dckt. #28 at 8, n.6).

As Claimant argues – and the Commissioner admits – "[o]nce the ALJ has labeled at least one impairment as severe at step two (and here she noted multiple [severe] impairments), the ALJ was required to examine all of [Claimant's] impairments when determining h[er] RFC, whether they were labeled severe or not." (Dckt. #28 at 7 (citing 20 C.F.R. §404.1523(c)). The Seventh Circuit has repeatedly reiterated that "[t]he ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record," and that an ALJ's failure to heed

7

this command warrants remand. *See, e.g., Yurt v. Colvin*, 758 F.3d 850, 857, 858-59 (7th Cir. 2014); *Richison v. Astrue*, 462 Fed.Appx. 622, 626 (7th Cir. 2012) ("An RFC determination must account for all impairments, even those that are not severe in isolation."); *Martinez v. Astrue*, 630 F.3d 693, 697-98 (7th Cir. 2011); *Vega v. Comm'r of Soc. Sec.*, 265 F.3d 1214, 1219 (11th Cir. 2001). Consideration of all impairments is critical because "[e]ven if each problem assessed separately were less serious than the evidence indicates, the combination of them might well be totally disabling." *Martinez*, 630 F.3d at 698. For these reasons, an ALJ's "failure to consider the cumulative effect of the impairments not totally disabling in themselves [i]s an elementary error." *Parker v. Astrue*, 597 F.3d 920, 923 (7th Cir. 2010).

The Commissioner does not address this line of precedent in its response. Instead, the Commissioner contends that "while plaintiff points to a handful of notes that identify rheumatoid arthritis, the ALJ is not required to discuss every entry or diagnosis that occurs in the record." (Dckt. #28 at 8, n.6 (citing cases)). However, none of the cases cited by the Commissioner hold that an ALJ is at liberty to disregard a diagnosed physical impairment like RA. Instead, the cases the Commissioner relies upon stand for the proposition that "an ALJ is not required to discuss every snippet of information from the medical records that might be inconsistent with the rest of the objective medical evidence." *Pepper v. Colvin*, 712 F.3d 351, 363 (7th Cir. 2013).[3] Nonetheless, the Seventh Circuit has made it clear that ALJs "can't ignore a line of evidence supporting a finding of disability." *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021).

In this case, evidence concerning Claimant's RA was a "line of evidence" that supported a finding of disability and the ALJ committed reversible error by ignoring it. *See, e.g., John S. v.*

---

[3] In *Pepper*, the Seventh Circuit held that an ALJ who discussed two physicians' notations regarding the claimant's migraines did not error by not mentioning a "snippet" from a third physician's record that was inconsistent with the third physician's opinion as a whole regarding the claimant's migraines, as well as with the other physicians' opinions. *Pepper*, 712 F.3d at 363.

8

*Kijakazi*, No. 1:20-cv-03037-MJD-JMS, 2022 WL 1564531, at *5-6 (S.D.Ind. May 17, 2022) (remanding case where the ALJ gave no indication that she was aware that claimant had episodes of hyperglycemia); *Betty D. v. Kijakazi*, No. 1:20-cv-01711-TWP-TAB, 2021 WL 4129126, at *5-6 (S.D.Ind. Sept. 10, 2021) (remanding where the ALJ failed to mention the fact that claimant had been diagnosed with CRPS (complex regional pain syndrome)). Consequently, this case must be remanded for consideration of Claimant's RA, its associated symptoms, and its effect on her physical RFC. *See, e.g., Betty D.*, 2021 WL 4129126, at *6.

## CONCLUSION

For the foregoing reasons, Claimant's motion to reverse or remand the Commissioner's decision to deny her SSI and DIBs, (Dckt. #21), is granted and the Commissioner's motion for summary judgment, (Dckt. #27), is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**ENTERED:** July 12, 2022

**Jeffrey I. Cummings
United States Magistrate Judge**

9